# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

KENNETH DWIGHT JACOBS,

    Petitioner,

v.

HOMER BRYSON; WARDEN HILTON HALL; and STATE OF GEORGIA,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-50

## O R D E R

Petitioner, an inmate at Coffee Correctional Facility in Nicholls, Georgia, has filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. Petitioner is confined as a result of a conviction obtained in the Superior Court of Toombs County, Georgia. Petitioner has paid the requisite $5.00 filing fee.

IT IS HEREBY ORDERED that Respondents make answer in writing to the allegations of the petition by filing same with the Clerk of this Court within sixty (60) days after service of this Order. The answer must comply with Rule 5, 28 U.S.C. § 2254. Specifically, the answer shall include the following:

1) trial transcript of Petitioner's state court conviction;

2) transcript of Petitioner's state habeas corpus hearings;

3) copy of the decision of the state habeas courts; and,

4) if the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's and Respondent's brief on appeal and of the opinion of the appellate court, if any, as to each proceeding.

All of the submitted transcripts shall be certified. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the Respondents shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

In accordance with Rodriguez v. Fla. Dep't of Corr., 748 F.3rd, 1073, (11th Cir. 2014), Respondents are directed to serve upon Petitioner a copy of all documents referenced or cited to in the Answer and/or Motion to Dismiss.

Respondents shall submit his brief of law within the aforementioned time period. Petitioner shall submit his brief within thirty (30) after the filing of Respondents' brief. The briefs of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized paper. Petitioner and Respondents shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, 28 U.S.C. § 2254. Unless and until Petitioner demonstrates to this Court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

After the filing of the answer and the motion to dismiss, the Court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

Petitioner is cautioned that while this action is pending, Petitioner shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order upon the Petitioner. Additionally, a copy of the petition and a copy of this Order shall be served upon the Respondents by certified mail, return receipt requested. The Clerk is further directed to serve a copy of the petition and a copy of this Order upon Paula K. Smith, Senior Assistant Attorney General of the State of Georgia by first class mail.

**SO ORDERED**, this 26th day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA